The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
I am writing in response to your request, on behalf of a constituent, for my opinion on whether Arkansas Consumer Telephone Privacy Act (the "Act"), A.C.A. § 4-99-401 et seq. exempts certain cemeteries from the prohibition against directing telephone sales solicitations to individuals included in the official "Do Not Call" list. Specifically, you have asked whether A.C.A. § 4-99-406(8) would exempt such solicitations on behalf of a cemetery owned and operated by a funeral establishment while prohibiting the same conduct on behalf of any other cemetery.
RESPONSE
In my opinion, no cemetery owner or operator, regardless of whether affiliated with a funeral establishment, is authorized to make such calls.
Subsection 4-99-406(8) of the Arkansas Code exempts from the scope of the Act:
 Telephone calls made on behalf of a funeral establishment properly licensed pursuant to § 17-29-301 et seq., if the purpose of the telephone call relates to services provided by the funeral establishment in its ordinary course of business.
Section 17-29-301 et seq. sets forth a regulatory and licensing scheme that is exclusively directed at assuring that the staff of every funeral establishment will include a qualified funeral director and embalmer. Nothing in the statutory list of qualifications for these positions mentions cemeteries, see A.C.A. §§ 17-29-301 and -302, which are subject to an entirely different set of registration and licensing requirements. A.C.A. §§ 20-17-901 and -1001 et seq. Accordingly, the telephonic marketing of burial plots cannot possibly be characterized as "services provided by the funeral establishment in its ordinary course of business." Consequently, no exemption applies to such activities, regardless of who owns and operates the cemetery.
I believe the foregoing opinion is in accord with the purpose and intention of the Act, which is set forth at A.C.A. § 4-99-402:
 Even legitimate telemarketers have no further legitimate interest in continuing to invade the privacy of those consumers who have affirmatively expressed their objections to such contact and, in fact, legitimate telemarketers can make their telemarketing efforts even more cost-effective by avoiding calling those consumers who have affirmatively expressed an objection to any such contact.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh